

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

RALD C. MANN
'RNEY GENERAL

Honorable Ray Winder
County Attorney
Cooke County
Gainesville, Texas

Dear Sir:                    Opinion No. 0-5284

Re: May a contractor hauling
garbage purchased from
Army Camps in his trucks
to various farms where it
is fed to hogs owned by
others, and being paid a
percentage of the increase
in value of such hogs after
the feeding period is com-
pleted, lawfully operate
his trucks used for such
purpose with farm licenses
only.

We have your letter dated April 30, 1943,
requesting our opinion upon a question stated in
substance as follows: Mr. Herman F. Dieterich has
a contract with the Army camps under which he obtains
and hauls away kitchen garbage in his trucks; he
delivers this garbage to farmers to be fed to hogs.
Mr. Dieterich under his contract with the farmers is
paid a percentage of the increase in value of the hogs
after the feeding period is completed, estimated by
computing the difference in weight of the hogs at the
beginning and end of the feeding period. Dieterich
retains a mortgage on the hogs to secure his claim.

Under the above stated facts may Mr. Dieterich
lawfully operate his trucks with farm licenses only or
is he required to procure ordinary commercial license
plates for said vehicles?

Article 6675a-6a V. A. C. S. provides as follows:

Honorable Ray Winder          page 2

"When a commercial motor vehicle sought to be registered and used by the owner thereof only in the transportation of <u>his own</u> poultry, dairy, live-stock, livestock products, timber in its natural state, and farm products to market, or to other points for sale or processing, or the transportation by the owner thereof of laborers from their place of residence and materials, tools, equipment and supplies, without charge, from the place of purchase or storage, to <u>his own farm or ranch, exclusively for his own use or use on such farm or ranch, the registration license fee, for the weight</u> classifications herein mentioned, shall be fifty (50%) per cent of the registration fee prescribed." . .etc." (Emphasis ours)

It is apparent under the facts given us that Dieterich is neither transporting articles enumerated in the statute produced on his own land to market, nor transporting materials and supplies exclusively for his own use to his own farm or ranch. It follows that he is not entitled to the benefits provided by Article 6675a-6a and that he should be required to procure ordinary commercial license plates for his trucks.

This Department has heretofore construed Article 6675a-6a in several Opinions, among which are Opinions Nos. 0-527, 0-3201 and 0-5218. We are enclosing copies of these opinions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 13, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

BY

Ed Roy Simmons
Assistant

ERS:ncd


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN